Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of RUBY GALE, Respondent, for Compensation under the Workmen's Compensation Law, v. JAMES W. MUNRO, Employer and Non-Insurer, Appellant.

Third Department, November 10, 1920.

Workmen's Compensation Law — injury to employee operating multigraph — failure to prove that injury arose out of employment.

Award made to an employee who claimed to have cut her finger on a multigraphing machine, with resulting loss of the finger and injury to the hand, reversed upon the ground that the evidence fails to establish that the injury arose out of the employment.

JOHN M. KELLOGG, P. J., dissents.

APPEAL by the defendant, James W. Munro, from a decision and award of the State Industrial Commission, made on the 29th day of August, 1919, and entered in the office of said Commission.

*Henry J. Kimball,* for the appellant.

*Charles D. Newton, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

COCHRANE, J.:

The employer was conducting an advertising business in an office fifteen feet square divided by a partition. He used in such business a multigraphing machine and a typewriting machine. The claimant was his only employee and she operated both machines. She was twenty-three years old. On February 22, 1919, while using the multigraphing machine she cut the end of the second finger of her left hand. The following day the finger showed signs of infection and was ultimately amputated and the hand otherwise affected. The State Industrial Commission has found that because the employer used a multigraphing machine he was engaged in the printing business (Workmen's Compensation Law, § 2, group 40, as amd. by Laws of 1917, chap. 705) and has accordingly awarded compensation to the claimant for partial loss of the use of the hand. As I view the case it is unnecessary to determine whether the employer was in the printing business within the meaning of the statute.

The award must be reversed because the evidence fails to establish that the injury arose out of the employment. (Workmen's Compensation Law, § 10; Id. § 3, subd. 7, as amd. by Laws of 1917, chap. 705.) The finding of the Commission is that the claimant cut her finger on the multigraphing machine. This finding is unsupported by evidence. The employer was absent at the time and no one witnessed the accident. The entire testimony of the claimant on this point is as follows: " Q. Now just describe to the Commissioner what happened and just exactly how you hurt or cut your finger, what there was to it? A. I was working around the machine, cut was so slight I did not pay any attention. When I got up Sunday morning I told my mother I hurt my finger. It was sore. I went to doctor, had blood poisoning. Q. What part of the machine was it? A. Around the segment there. * * * Q. Would you be able, if the machine were brought here, to point out on what

part of the machine you injured your finger? A. No, I can't tell that. I don't really know where I did hurt it. Q. You don't really know you hurt it on the machine? A. No. Q. Didn't you tell me you hurt it on the segment? A. Down around the segment I said. Q. So if we brought the machine into court here, you would not be able to show where you hurt your finger? A. No, I don't think I could. Q. How soon did you leave the office after you got this cut? A. I worked until noon. Q. Did it bleed? A. Not much. Q. Did it bleed any? A. Yes, some. I didn't pay any attention it was so slight." Although 'the claimant cut her finger while operating the multigraphing machine in the course of her employment she is unable to say how she hurt it or even that she hurt it on the machine. A cut so slight as not to arrest the attention of its victim and the origin of which she is unable to indicate cannot be said to have been caused by a machine on which she was at the time working. Furthermore the evidence is that the multigraphing machine had no sharp edges nor any place where an operator could cut himself. This evidence is uncontradicted although if incorrect it was susceptible of contradiction by the claimant herself. She had several interviews with her employer after the accident concerning the condition of her hand but admits that she never claimed to him that she injured it on the machine. From her testimony it does not appear that she ever made such claim to any person. She did not even so state in her claim for compensation filed with the Commission. It has been so frequently held that the burden of proof is on the claimant in these proceedings as to render superfluous the citation of authorities to that effect. The nature of some injuries is such as to indicate their origin but that is not true of a slight cut or scratch on the finger which may have occurred in various ways. In my opinion it cannot be held on the evidence produced that this accident arose out of the employment.

The award should be reversed and the claim dismissed.

All concur, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.